IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:08-cv-02244-MSK

JERRY ANGELY; BERNICE ANGELY;
BEN BOUNDS; MELANIE BOUNDS;
KENT SMITH; LAURA SMITH; THOMAS
GONZALES; and CHRISTINE GONZALES,

        Plaintiffs,

vs.

PETROGLYPH OPERATING COMPANY,
INC., a Kansas Corporation; PETROGLYPH
ENERGY, INC., an Idaho Corporation;
III EXPLORATION COMPANY, an Idaho
Corporation; III EXPLORATION II LP, an
Idaho Limited Partnership;
INTERMOUNTAIN INDUSTRIES, INC., an
Idaho Corporation; and THOMAS
MELLAND, an individual,

        Defendants.

## PROTECTIVE ORDER

The Court finds that the parties are engaged in discovery that involves the production or disclosure of information deemed confidential, including trade secrets and other proprietary commercial information; ~~that Defendants have established a legitimate interest in~~ preventing the public disclosure of such confidential information ~~and~~ described a clearly defined and serious injury resulting from disclosure of the confidential information; and that the following protective order appropriately protects defendants' interests in protecting its confidential, proprietary information while granting plaintiffs access to evidence relevant to their ~~claims~~.

70493461.4

**Exhibit A**

It accordingly is ORDERED:

1.     CATEGORIES OF CONFIDENTIAL INFORMATION

For the purpose of this Protective Order, there shall be two categories of confidential information:

(a)   **CONFIDENTIAL.** A document, court filing, response to interrogatory or request for admission, or testimony of a witness may be designated by a party as CONFIDENTIAL if it is determined in good faith to contain non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve the privacy interests of principals or employees.

(b)   **ATTORNEYS' EYES ONLY.** In some instances, the disclosure of certain information may be of such a highly confidential nature that it requires greater protection than that afforded to information designated as CONFIDENTIAL. A document, court filing, response to interrogatory or request for admission, or testimony of a witness may be designated by a party as ATTORNEYS' EYES ONLY if it is determined in good faith (1) to contain non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve the privacy interests of principals or employees and (2) that disclosure of such information to opposing parties or defendants' competitors may be detrimental.

2.     DESIGNATION OF INFORMATION PRODUCED

(a)   Any answers, responses or documents deemed CONFIDENTIAL under Paragraph 1(a) by the producing party shall be marked or stamped by the producing party as CONFIDENTIAL.

(b) Any answers, responses or documents deemed highly confidential under Paragraph 1(b) by the producing party shall be marked or stamped by the producing party as ATTORNEYS' EYES ONLY.

(c) Stamping or marking material as set forth in Paragraphs 2(a) and 2(b) above shall constitute certification by the producing party that it reasonably believes good cause exists to so designate the material pursuant to this Protective Order.

3. DEPOSITIONS

(a) If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is marked as a deposition exhibit, such exhibit shall retain its designated status and, if filed, shall be filed under seal. *in accordance w/ D.C.COLO.LCivR 7.2B*. *KLM*

(b) During any deposition, counsel for the producing party may request that any portions of the deposition or deposition exhibits also be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The room in which the deposition is being taken shall, at the request of the producing party, be closed in accordance with the restrictions of Paragraphs 4 and 5 below. The presence of persons not entitled to attend a deposition pursuant to this paragraph shall constitute justification for counsel to the producing party to advise or instruct the witness not to answer.

(c) Upon receipt, all deposition transcripts and the exhibits thereto shall be treated initially as ATTORNEYS' EYES ONLY in their entirety until fifteen (15) days after receipt of the transcript, unless the parties expressly agree in writing otherwise. Within fifteen (15) days after receipt of the transcript, any party may designate portions of a deposition transcript as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The designation shall be

accomplished by a letter to all other parties and the court reporter listing the pages, lines, and exhibits constituting confidential information and the category of confidentiality. If the producing party previously designated portions of testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY during the deposition, the producing party is not required to redesignate those portions of the transcript during the fifteen (15) day period unless the producing party elects to change the designation.

(d) The pages of the transcript designated as containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information and the numbers (but not the descriptions) of the deposition exhibits designated as constituting CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be appropriately noted on the front of the original deposition transcript and identified by category. Those designated pages and exhibits shall be separately bound in one or more volumes as appropriate and marked as set forth in Paragraphs 2(a) and 2(b) above. To facilitate this requirement, the party seeking specific designation of a deposition transcript shall ensure that a copy of this Protective Order is provided to the court reporter.

(e) Failure to designate testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY either at a deposition or within fifteen (15) days after receipt of the transcript shall be deemed a waiver of the right to designate such testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, but shall not affect the status of any other information, whether or not closely related.

(f) Documents and any other materials containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be shown to the witnesses set forth in Sections 4(c) and 5(c) below to examine or cross-examine the witness during a deposition or trial in

circumstances only where the disclosure of such information is relevant to the subject of examination, but the witness shall not be permitted to view such materials in advance of the deposition or trial or to retain any such documents or things or any copies thereof after the deposition or trial (except for the purpose of reviewing the transcript of his or her deposition in connection with its correction or execution), unless the witness is otherwise authorized under Paragraphs 4 or 5 hereof to receive such information. Notwithstanding the foregoing, if the producing party objects to the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY information at a deposition of a witness not authorized under Paragraphs 4 and 5 hereof to receive such information, such information shall not be disclosed at the deposition and the producing party shall make his or her best efforts to resolve the issue by contacting the ~~Court~~ Magistrate Judge during the deposition. If the ~~Court~~ Magistrate Judge is not available or does not rule so as to resolve the issue during the deposition, the producing party shall file a motion for a protective order objecting to such disclosure within five (5) days of the deposition. The CONFIDENTIAL or ATTORNEYS' EYES ONLY information at issue shall not be disclosed to such witness while the producing party's motion objecting to such disclosure is pending before the Court. [KLM]

4. "CONFIDENTIAL" RESTRICTIONS

Information designated as CONFIDENTIAL shall not be disclosed, except by the prior written consent of the producing party or pursuant to further order of this Court, to any person other than:

(a) The attorneys of record for the receiving party and the employees and associates of the receiving party's attorneys who are involved in the conduct of this action.

(b) Officers of the Court and supporting *personnel or officers* of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters).

(c) Trial or deposition witnesses, subject to the provisions of Paragraph 3(f) above.

(d) Independent experts and consultants retained by the receiving party's attorneys for purposes of assisting in this litigation; provided, however, that such expert or consultant shall execute the undertaking set forth in Paragraph 6 below. As used in this paragraph and all other paragraphs in this Protective Order, "independent experts and consultants" shall not include the parties, their officers, representatives, distributors, agents, employees, or relatives, notwithstanding their participation in the litigation as experts or consultants.

(e) The parties to this litigation, and the agents, officers, or employees of a party; provided, however, that any such party, agent, officer or employee shall execute the undertaking set forth in Paragraph 6 below.

5. "ATTORNEYS' EYES ONLY" RESTRICTIONS

Information designated as ATTORNEYS' EYES ONLY shall not be disclosed except by the prior written consent of the producing party or pursuant to a further order of this Court, to any person other than:

(a) The attorneys of record for the receiving party and the employees and associates of the receiving party's attorneys who are involved in the conduct of this action.

(b) Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters).

(c) Trial or deposition witnesses that were the authors, recipients or originators of the ATTORNEYS' EYES ONLY information or that are the corporate representatives of the party from whom the ATTORNEYS' EYES ONLY information was produced, subject to the provisions of Paragraph 3(f), above.

(d) Independent experts and consultants retained by the receiving party's attorneys for any party for purposes of assisting in this litigation; provided that such independent expert or consultant shall first execute the undertaking as set forth in Paragraph 6 below; and further provided that if any independent expert or consultant prior is currently performing services or has in the past two (2) years performed services relating to the northern Raton Basin (i.e., the Raton Basin area north of the Spanish Peaks) for a person or entity known to be active in oil or gas leasing, exploration, or production in the northern Raton Basin (and in that respect is a competitor of any defendant), including but not limited to Royal Dutch Shell Oil Company, Pioneer Natural Resources Company, XTO Energy Inc., Oakdale Gas Processing, and Presco, Inc., then before disclosure to such expert or consultant, the receiving party shall give the producing party fifteen (15) days' prior written notice. The written notice shall include the expert's or consultant's name, employment, affiliations, and relationship to any of the parties, if any, and shall identify the competitor in question. If the producing party objects to the disclosure of ATTORNEYS' EYES ONLY information to the independent expert or consultant, then the producing party shall file a motion objecting to such disclosure within the fifteen (15) day

*[handwritten initials: KLM]*

~~period. The ATTORNEYS' EYES ONLY information at issue shall not be disclosed to such~~ independent experts and consultants while ~~the producing~~ party's motion objecting to such disclosure is pending ~~before~~ the Court. The parties shall confer in good faith to resolve any such ~~disagreements before filing any motion to prohibit disclosure~~.

*KLM*

(e) With the prior written consent of the producing party, officers, agents, or employees of the receiving party on a document-by-document basis; provided, however, that any such agent, officer, or employee shall execute the undertaking set forth in Paragraph 6 below.

6. UNDERTAKING

No disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be made to any person, other than those specified in Paragraphs 4(a)-(c) or 5(a)-(c), as applicable, unless the person to whom disclosure is to be made has signed, prior to any disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, an undertaking in the form attached to this Protective Order. Testifying experts' undertakings shall be provided promptly to opposing counsel at the time of the designation of experts in this lawsuit. Undertakings of consulting experts, ~~other than those who are working or have worked for a competitor of any defendant in the Raton Basin, as specified above in Paragraph 5(d)~~, shall be conveyed to counsel for the producing party promptly after rendition of final judgment or other final order by the trial court, regardless of any appeal. ~~Undertakings by experts or~~ consultants who are working or have worked for a competitor ~~of any defendant~~ in the northern Raton Basin, as specified ~~above in~~ Paragraph 5(d), shall be conveyed to counsel for the ~~producing party together with the notice provided in Paragraph 5(d)~~.

*KLM*

7.     SUBMISSION TO THE COURT

(a)     All CONFIDENTIAL and ATTORNEYS' EYES ONLY information, and any pleading or other paper containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information that must be filed with this Court, shall be filed in a sealed envelope with a cover page consistent with the requirements of D.C.Colo.LCivR 7.3.B and shall include the following notice:

> CONFIDENTIAL—Filed Under Seal Pursuant to Protective Order. This envelope may be opened only by direction of the Court or by written consent of [name of producing party].

Where possible, only confidential portions of filings with the Court shall be filed under seal. The producing party shall identify on a document-by-document, page-by-page, or section-by-section basis, as appropriate, the specific confidential portions so as to facilitate maximum disclosure of non-confidential portions to the receiving party. At trial, exhibits containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall, at the discretion of the producing party and with permission of the Court, be filed under seal in a manner authorized by the Court.

(b)     If, through inadvertence or otherwise, CONFIDENTIAL or ATTORNEYS' EYES ONLY information is filed with the Court without following the procedures outlined in the Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and to the Court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

8. OBJECTION TO DESIGNATION

Any party may contest the designation of any document or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY. In the event of a dispute regarding the designation of a document, the receiving party shall be responsible for taking the disputed matter to the Court to seek an Order allowing disclosure. Until the Court rules on any motion filed by the receiving party seeking to allow disclosure, the document or information shall be treated according to the designation. Should the receiving party file a motion contesting the documents' designation, the party asserting the documents' or information's protected status has the burden of proof to show that the document or information should be protected. The producing party and receiving party shall confer in good faith to resolve any such disagreements before a motion is filed. *The producing party and the receiving party must contact the Court by telephone (303.335.2770) prior to filing any motion relating to discovery disputes for the purpose of obtaining a ruling regarding such disputes from the Magistrate Judge.* [handwritten: KLM]

9. DISCLOSURE

(a) If, through inadvertence, the producing party provides any material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information during the course of this litigation without designating the material as set forth in Paragraph 2 above, the producing party may subsequently inform the receiving party in writing of the confidential nature of the material and specify the designation that should be applied to the material. The receiving party shall thereafter treat the disclosed material in accordance with this Protective Order to the extent that the receiving party has not already disclosed the material.

(b) In the event that any person in receipt of CONFIDENTIAL or ATTORNEYS' EYES ONLY information originating with another party shall receive a written request, subpoena, or court order seeking disclosure of the CONFIDENTIAL or ATTORNEYS'

EYES ONLY information, such person shall promptly provide a copy of the request, subpoena, or court order to counsel for the producing party.

(c) If material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

10. LIMITATION ON USE AND SURVIVAL

(a) Any CONFIDENTIAL or ATTORNEYS' EYES ONLY information made available during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the recipients for any business, commercial, or competitive purpose whatever.

(b) All obligations and duties arising under this Protective Order shall survive the termination of this action. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Protective Order.

11. PRODUCING PARTY'S USE

Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, or information for any purpose; from disclosing its own CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any person; or from consenting to the disclosure of its own CONFIDENTIAL or ATTORNEYS' EYES ONLY information by the receiving party.

12.     RETURN AND DELETION

Thirty (30) days after the conclusion of this action, including any appeals, all tangible and electronic CONFIDENTIAL or ATTORNEYS' EYES ONLY information, and all copies of CONFIDENTIAL or ATTORNEYS' EYES ONLY information or any derived summaries, memoranda, or other records containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be returned to counsel for the producing party or deleted if held in electronic form on a computer hard drive or external hard drive; except that counsel for each party may retain for one year after the completion of this litigation one archival copy of each such document for reference in the event of a dispute over the use or dissemination of information designated as confidential, and may retain documents, things, copies, or samples to the extent that they include or reflect such counsel's work product or privileged communication. The obligation to return all CONFIDENTIAL or ATTORNEYS' EYES ONLY information extends to all CONFIDENTIAL or ATTORNEYS' EYES ONLY information disclosed to any person as authorized by this Protective Order, including any person who signed an undertaking pursuant to Paragraph 6 above. Moreover, the obligation to delete or return CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall include the deletion of any electronically stored information on a computer hard drive or external hard drive, whereas electronic CONFIDENTIAL or ATTORNEYS' EYES ONLY information stored on DVDs or CDs must be returned to producing counsel. Where electronic documents have been deleted pursuant to this Paragraph 12, counsel for the party which has deleted the documents shall certify in writing to counsel for the producing party that to the best of counsel's knowledge all CONFIDENTIAL or ATTORNEYS' EYES ONLY documents have been deleted from counsel's hard drives.

Counsel whose expert consultants or witnesses have received CONFIDENTIAL or ATTORNEYS' EYES ONLY information will use their good faith best efforts to cause said consultants and witnesses to issue a certification of return or deletion to producing party's counsel; however, the obligation on the expert consultant or witness remains in full force and effect, and is in no way diminished by this sentence .

13. PROTECTION OF THIRD PARTIES

An entity that is not a party to this litigation may take advantage of the protection of CONFIDENTIAL or ATTORNEYS' EYES ONLY information provided by this Protective Order, and such entity shall be entitled to all rights and protections afforded the producing party under this Protective Order.

14. INADVERTENT PRODUCTION

Inadvertent production by any party of a document containing attorney-client communications, attorney work product, or other privileged information shall not constitute a waiver of privilege. Any such document and copies made of it shall be returned to the producing party immediately upon their request.

15. FURTHER EFFECTS

This Protective Order shall not preclude or limit any party's right to oppose discovery on any ground which would otherwise be available. This Protective Order shall not, in itself, prejudice any contention of any party or any motion, nor shall the Protective Order be taken to constitute a waiver of any party's right to seek relief in this Court from any and all provisions of this Protective Order at any future time. This Protective Order shall not preclude or limit any party's right to seek an in-camera review or seek further and additional protection

against or limitation upon production or dissemination of information, documents or their contents. This Protective Order does not impair or limit a party's right or obligation to object to disclosure of documents or information based upon privilege or other rules or theories of non-disclosure.

16. INDEPENDENT REMEDIES FOR VIOLATION

In addition to other available legal remedies, any person who willfully discloses any information in contravention of this Protective Order may be sued by any injured person or entity for the damages proximately caused thereby. Additionally, in the event of such disclosure during the pendency of this action, the matter may be brought before the Court for additional sanctions to be assessed in this action.

17. CONFIDENTIAL STATUS SURVIVES DISCLOSURE

In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed in contravention of this Protective Order either willfully or inadvertently, it shall not lose its protected status through such disclosure and the parties shall take all steps reasonably required to assure its continued confidentiality.

18. CONTINUING FORCE AND EFFECT

After termination of this case, the provisions of this Protective Order shall continue to be binding. This Court retains jurisdiction over the parties, their attorneys and all recipients of discovery designated confidential to enforce the provisions of this Protective Order following termination of this case.

Dated this 16th day of April, 2009.

                               BY THE COURT:

                               _____
                               United States Magistrate Judge

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

## APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:08-cv-02244-MSK

JERRY ANGELY; BERNICE ANGELY;
BEN BOUNDS; MELANIE BOUNDS;
KENT SMITH; LAURA SMITH; THOMAS
GONZALES; and CHRISTINE GONZALES,

        Plaintiffs,

vs.

PETROGLYPH OPERATING COMPANY,
INC., a Kansas Corporation; PETROGLYPH
ENERGY, INC., an Idaho Corporation;
III EXPLORATION COMPANY, an Idaho
Corporation; III EXPLORATION II LP, an
Idaho Limited Partnership;
INTERMOUNTAIN INDUSTRIES, INC., an
Idaho Corporation; and THOMAS
MELLAND, an individual,

        Defendants.

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

1. My full name is _____.

2. My address is _____.

3. My present employer is _____.

4. My present occupation or job description is _____
_____.

70493461.4

**Exhibit A**

5. My prior regular employment or past or present regular employment with either party to this action are:_____

_____.

6. I (have not) (have), in the past two years, done work relating to the northern Raton Basin ( i.e., the Raton Basin area north of the Spanish Peaks) for Royal Dutch Shell Oil Company, Pioneer Natural Resources Company, XTO Energy Inc., Oakdale Gas Processing, and Presco, Inc., or any other person or entity active in oil or gas leasing, exploration, or development in the northern Raton Basin.

7. I have received a copy of the Protective Order entered in this action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the such Order.

8. I will not disclose any CONFIDENTIAL information to anyone not identified in paragraph 4 of the Protective Order. I will not disclose any ATTORNEYS' EYES ONLY information to anyone not identified in paragraph 5 of the Protective Order. I will use any such information only with respect to this action.

9. I will ensure that any employee or assistant who has access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY information will comply with the terms of the Protective Order and I will ensure that any such individual receives a copy of the Protective Order and executes a copy of this Acknowledgement of Protective Order.

10. I will return all CONFIDENTIAL or ATTORNEYS' EYES ONLY information that comes into my possession, and all documents or things that I have prepared

relating to such information, to an attorney representing the party that has employed or retained me.

11. I submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

DATED this _____ day of _____, 2009.

_____